MAUSA MALEPEAI, LIUA TAIFANE, and MAFINI MAUGA MAUGALEO`O, for themselves and on behalf of the SAVE FAMILY of Leone, Plaintiffs,

v.

LEONE CATHOLIC PARISH and DOES 1 through 10, exclusively, Defendants.

ERNEST G. REID for himself, MAUDE REID, THERESA ROTTER, MARIE STILLWELL, JOSEPH REID, RICHARD REID, PAUL REID, JAQUES REID, and HECTOR REID, Intervenors.

High Court of American Samoa
Land and Titles Division

LT No. 21-99

January 20, 2000

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiffs, Deanna Sanitoa
        For Defendants, Marie Lafaele

### ORDER CONCERNING EVIDENCE AT TRIAL, DENYING PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION, ISSUING INTERIM ORDERS, AND STAYING ACTION UNTIL FILING OF CERTIFICATE OF IRRECONCILABLE DISPUTE

On January 6 and 12, 2000, the Court heard the application of plaintiffs Mausa Malepeai, Liua Taifane, and Mafini Mauga Maugaleo'o (collectively "the Save family") for a preliminary injunction preventing defendant Leone Catholic Parish ("the church") and unnamed defendants from trespassing and constructing improvements on the land at issue. At the January 12 hearing, Ernest G. Reid, Maude Reid, Theresa Rotter, Marie Stilwell, Joseph Reid, Richard Reid, Paul Reid, Jaques Reid, and Hector Reid (collectively "the Reid family") were permitted to intervene in this action. We viewed the land on January 10.

A. Admission of Hearing Evidence at Trial

Based upon counsel's opening statements, we ascertained that the core issue is ownership of the land at issue. Thus, pursuant to T.C.R.C.P. 65(b), we initially consolidated the preliminary injunction hearing with the trial. However, in the absence of the jurisdictional certificate of irreconcilable dispute, as discussed further below, we will modify that order. The hearing and trial proceedings will not be consolidated. Nevertheless, in accordance with Rule 65, the evidence received at the hearing that would be admissible at trial will become part of the trial record and need not be repeated during the trial.

B. Preliminary Injunction

▇ Under A.S.C.A. § 43.1301(j), a preliminary injunction must be grounded on findings that (a) there is a substantial likelihood that the applicant will prevail at trial on the merits and obtain a permanent injunction against the opposing party, and (b) the applicant will suffer great or irreparable harm before a full and final trial can be held on whether a permanent injunction should issue.

Based on the evidence presented, we will deny the plaintiffs' request for

a preliminary injunction. The land at issue is seaside property in Leone. On May 16, 1991, land, which included the land at issue, was registered as the Save family's communal land. The validity of this registration is a legitimate question in view of the apparent absence of the Save *sa'o's* documented concurrence in the registration.

More important for immediate purposes, however, on October 26, 1896, title to approximately nine acres, which included the land at issue, was vested in the French Roman Catholic Mission as freehold land of record by Court Grant No. 389, issued by the Supreme Court of Samoa. The title is presently, by inference, in the Roman Catholic Diocese of Pago Pago.[1] The vast majority of the nine acres lies across the road from the land at issue and extends inland. The house of worship of the church in Leone is located across the road directly from the land at issue.

■ Due registration notices a land title to the world; absent actionable fraud or other legal basis to vacate a registration, the registered title is valid as against all persons subsequently dealing with the same land.[2] *See* A.S.C.A. § 43.0210; *Ifopo v. Siatu'u*, 12 A.S.R.2d 24, 26 (App. Div 1989). Nothing presently in evidence provides any legal basis to set aside the registration.

There is also other evidence that reinforces the church's title claim. For example, in 1924, the Save family leased land immediately northwest of the land at issue. This leased land is also part of the Save family's 1991 title registration. The survey of the leased land acknowledges the church's ownership of the land at issue. We also take judicial notice of PR No. 9-66, probating the estate of Richard Frederick Reid. The estate included land immediately southeast of the land at issue. In that proceeding, the land at issue was again identified as the church's land.

Thus, the Save family has not met their burden of establishing by a

---

[1] At some point during the course of this action, the church should ensure that the church as the defendant is named correctly and explain the process by which the Diocese formally succeeded to the title.

[2] The last evidence presented on January 12 were uncertified copies of Court Grant No. 430, issued by the Supreme Court of Samoa and dated November 26, 1896, vesting title to land in Leone named "Fagasaua' in Paul H. Krause. Court Grant No. 430 confirms Edward Ripley's conveyance of this land to Krause by deed dated October 9, 1896. The Save family calls the land at issue 'Fagasaua." Based on the descriptions in Court Grant No. 430 and Court Grant No. 389, we cannot tell without a professional surveyor's opinion whether these two court grants relate in any way to the same land. Thus, the impact of this evidence, if any, remains to be seen. The evidence is not cause, however, to alter the decisions in this order.

preponderance of the evidence a likelihood that they will prevail at the trial on the merits.

The church is presently implementing plans to erect a monument on the land at issue to commemorate the church's arrival in Leone about 135 years ago and to develop the entire parcel into a small park area. The monument will be located near the cross that the church placed on the land many years ago. The cross memorializes a disease epidemic occurring about 1912. So far, the church has constructed a seawall to protect the eroding shoreline, dug a trench along the westerly side, and placed various construction materials on the land. A drainage pipe will be placed in the trench by the American Samoa Government's Department of Public Works to correct a water accumulation problem across the road adjacent to the land. The church expects to construct a wall above the pipe, extend the wall at various heights along the roadside and bay side of the land, and install seating areas for visitors. The remainder of the land will be a maintained grass area.

■ This project completion is scheduled during the coming Easter season. Delay caused by this action, or presumably other presently unforeseen events, will probably increase the project costs. The more important consideration in this case, however, is any serious harm to the Save family and the Reid family resulting from the church's project. All parties will benefit rather than be injured by the seawall. The planned monument and park do not constitute great or irreparable immediate harm. The immediate presence of the trench and construction materials also does not create great or irreparable harm.

Thus, the Save family has also not met their burden of establishing by a preponderance of the evidence great or irreparable harm.

Accordingly, there being no legal basis to enjoin the church and unnamed defendants from proceeding with the church's ongoing project on the land at issue, we will deny the preliminary injunction sought by the Save family. The church should, of course, understand the risk it takes if it chooses to continue with the project during the pendency of this action. Should the church ultimately lose all or some part of the land at issue by this action to either the Save family or the Reid family, or both families, the church may be required, at its expense, to remove the current improvements, or the offending portion of those improvements, from the land at issue and restore it to its state before the project began. Alternatively, title to the improvements, or the offending portion of them, may become vested in the Save family or the Reid family, or both families.

## C. Interim Orders Under A.S.C.A. § 43.0304

■ We are authorized by A.S.C.A. § 43.0304 to issue appropriate interim orders in land actions. We are concerned about the prospects of confrontational episodes between the parties while this action is pending. Therefore, we deem it appropriate to mutually enjoin each side from harassing the other sides in any manner during the pendency of this action. We further deem it appropriate to enjoin the Save family and the Reid family from interfering in any manner with the church and the unnamed defendants in the construction of the church's current project on the land at issue. Finally, in fairness, we will enjoin the church and the unnamed defendants from extending any part of its current project onto, or from conducting any activities related to the project on, the adjacent lands of the Save family or the Reid family beyond the boundaries of the land claimed by the church.

## D. Stay of Further Proceedings

■ Under A.S.C.A. § 43.0302(a), mediation proceedings before the Secretary of Samoan Affairs or his deputy and the issuance of a certificate of irreconcilable dispute by one of those officials are prerequisites to judicial determination of controversies relating to communal land. This requirement is jurisdictional, except for purposes of issuing pretrial orders under A.S.C.A. § 43.0302(b) or § 43.0304. *See Moeisogi v. Faleatine*, 5 A.S.R.2d 131, 132-33 (Land & Titles Div. 1987). Under appropriate circumstances, however, the action may be stayed, rather than dismissed, pending compliance with this jurisdictional mandate. *Id.*

The Save family claims that the land at issue is the Save family's communal land, and it appears that the statutory mediation proceedings have not yet taken place. Since we deem that interim orders are appropriate, a stay of further proceedings, except as to proceedings relating to interim orders, is proper in this action, until and unless the mandated certificate of irreconcilable dispute is filed.

## Orders

1. In the event of trial to resolve this controversy, all evidence received at the preliminary injunction hearing that would be admissible at trial will be part of the trial record and need not be repeated during the trial.

2. The Save family's request for a preliminary injunction is denied.

3. During the pendency of this action, the Save family and the Reid family, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined

from directly or indirectly harassing the church and the unnamed defendants in any manner, and from interfering in any manner with the church and the unnamed defendants in the construction of the church's current project on the land at issue.

4. During the pendency of this action, the church and the unnamed defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them are enjoined from directly or indirectly harassing the Save family or the Reid family, and members of those families in any manner, and from extending any part of the church's current project on the land at issue onto, or from conducting any activities related to the project on, the adjacent lands of the Save family or the Reid family beyond the boundaries of the land claimed by the church.

5. Except as to proceedings related to interim orders, further proceedings in this action are stayed unless and until a certificate of irreconcilable dispute is filed.

It is so ordered.

